IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**DEAN FOX**,

     *Plaintiff*,

          v.

**REPRESENTATIVE JEREMY FAISON**,
State Representative, representing the 11th
District of the Tennessee House of
Representatives, in his official capacity.

     *Defendant*.

Case No.:

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.     Introduction

1.     On September 6, 2021, Plaintiff Dean Fox was impermissibly blocked from engaging with Defendant State Representative Jeremy Faison's official Facebook page—entitled "State Representative Jeremy Faison"—immediately after posting a critical comment.[1] Exhibit A. Since that time, Mr. Fox has been unable to view or engage with Representative Faison's verified politician Facebook page through his profile. Representative Faison operates this page in his capacity as a public official, in contrast to his other Facebook profile: a personal account that

---

[1] Fox Aff. ¶¶ 5,10.

1

he operates as a private citizen.[2] Representative Faison regularly uses his official page to communicate with his constituents by sharing legislative efforts and offering the support of his office, among other types of engagement.

2.     The First Amendment's prohibition on state action "abridging the freedom of speech" has long been held to forbid government conduct that restricts speech based on viewpoint in public forums.[3] This prohibition's reach extends beyond physical spaces, applying equally to speech on social media.[4] Representative Faison has declined to unblock Mr. Fox and continues to deprive Mr. Fox of his rights, privileges, and immunities under the First and Fourteenth Amendments to the U.S. Constitution and Article 1, Section 19 of the Tennessee Constitution. In response to Representative Faison's initial deletion of Mr. Fox's comments and subsequent refusal to unblock Mr. Fox, Plaintiff brings this action to enjoin Tennessee State Representative Jeremy Faison's viewpoint discrimination on his official Facebook page.

## II.     Jurisdiction and Venue

3.     This lawsuit is brought pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343, as this action seeks redress for civil rights violations under 42 U.S.C. § 1983. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction over Plaintiff's state law claim, pursuant to 28 U.S.C. § 1367, because the federal and state law claims arise from the same set of operative facts and form part of the same controversy.

---

[2] Jeremy Faison, FACEBOOK, https://www.facebook.com/jeremy.faison.3 (last visited Sept. 3, 2022).
[3] U.S. CONST. amend. I.
[4] *Packingham v. North Carolina*, 137 U.S. 1730 (2017).

2

4.     Venue is proper under 28 U.S.C. § 1391(b)(1) because Representative Faison maintains an official office in Davidson County and performs his official duties for the Tennessee General Assembly at the Tennessee State Capitol in Davidson County. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Davidson or Rutherford Counties.

5.     Mr. Fox's federal claim for relief is brought pursuant to 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the First and Fourteenth Amendments to the Constitution and laws of the United States.

6.     Mr. Fox's state law claim for relief is brought pursuant to Tennessee Code Annotated § 1-3-121, which creates a cause of action "for any affected person who seeks declaratory or injunctive relief in any action brought regarding the legality or constitutionality of a governmental action."

7.     Mr. Fox's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

### III.     Parties

8.     Plaintiff Dean Fox is a United States citizen and a current resident of Knox County, Tennessee. Mr. Fox was a resident of Rutherford County, Tennessee at the time of the events giving rise to this Complaint.[5] Mr. Fox is an adjunct professor at Middle Tennessee State University where he teaches media-related courses and is a freelance sports journalist with work published in the Daily News Journal (Murfreesboro) and the Atlanta Journal-Constitution.[6]

---

[5] Fox Aff. ¶ 3.
[6] Fox Aff. ¶ 2.

9. Defendant Jeremy Faison is a Congressional Representative for the 11th District in the Tennessee House of Representatives. The 11th District includes Cocke County and parts of Jefferson and Greene Counties. Representative Faison operates legislative offices in Nashville and Cosby, Tennessee.

## IV. Factual Allegations

### A. *Representative Faison, His Role, and His Office*

10. Representative Faison is the current House Majority Caucus Chairman.[7] He is listed as a member of ten committees and two subcommittees, including the Covid-19 Committee of the Third Extraordinary Session; the Government Operations Committee; and the Finance, Ways, and Means Appropriations Subcommittee.[8]

11. In the 112th Tennessee General Assembly, Representative Faison has sponsored 28 bills and co-sponsored 118 bills.[9]

12. Representative Faison's webpage on the Tennessee General Assembly website lists three staff contacts, including a legislative advisor and an executive assistant for policy and research.[10]

13. Representative Faison's individual government webpage lists Anna Katherine White as executive assistant for policy and research on the "Staff Contacts" section of his

---

[7] Tennessee General Assembly, House Leadership,
https://www.capitol.tn.gov/house/members/leadership.html (last visited Sept. 1, 2022)
[https://perma.cc/YN5C-TKHG] (archived Sept. 1, 2022)**.**
[8] Tennessee General Assembly, Representative Jeremy Faison,
https://www.capitol.tn.gov/house/members/h11.html (last visited Sept. 1, 2022)
[https://perma.cc/JJP6-LLRT] (archived Sept. 1, 2022).
[9] Tennessee General Assembly, Representative Jeremy Faison, Bills,
https://wapp.capitol.tn.gov/apps/sponsorlist/default.aspx?ID=H110&ga=112 (last visited Sept. 1, 2022) [https://perma.cc/UE4W-HSL5] (archived Sept. 1. 2022)**.**
[10] Tennessee General Assembly, Representative Jeremy Faison,
https://www.capitol.tn.gov/house/members/h11.html (last visited Sept. 1, 2022)
[https://perma.cc/JJP6-LLRT] (archived Sept. 1, 2022).

4

representative page. On her LinkedIn profile, Ms. White lists her title as Public Relations Specialist for the Tennessee House Majority Caucus,[11] of which Representative Faison is the Caucus Chairman.[12]

## B. Facebook as a Platform

14. Facebook is a social media platform owned and operated by Meta Platforms Incorporated.

15. Facebook allows users to create "pages"—accounts dedicated to a specific public figure, organization, or business. Users can "follow" pages, as well as interact with content shared on the page, such as "reacting" or "commenting" on a post. Users are then able to view, react, or respond to other users' comments on the page.

16. Facebook "verifies" pages of notable individuals, including elected officials, meaning Facebook confirms the page is "the authentic presence of the public figure" it represents.[13]

17. Facebook gives page owners the ability to delete comments on posts and prevent users from commenting on a page, as well as to "block" users. If a user is "blocked," they are unable to view or comment on a page or any posts on the page through their account.

---

[11] Anna Katherine White, LINKEDIN, https://www.linkedin.com/in/anna-katherine-white-30043316b/ (last visited Sept. 1, 2022).
[12] Tennessee General Assembly, House Leadership, https://www.capitol.tn.gov/house/members/leadership.html (last visited Sept. 1, 2022) [https://perma.cc/YN5C-TKHG] (archived Sept. 1, 2022).
[13] Facebook, About Verified Pages and Profiles, https://www.facebook.com/help/196050490547892 (last visited Sept. 1, 2022) [https://perma.cc/WE5P-AHS6] (archived Sept. 1, 2022) (denoted with a blue checkmark appearing next to the account name and in searches).

5

18.     Facebook has developed community standards designed to "create a place for expression and give people a voice."[14]

19.     Even if content would otherwise be against Facebook's standards, in some instances, they may allow the content "if it's newsworthy and in the public interest."[15]

### C.     Representative Faison's Official Facebook Page

20.     Defendant operates a Facebook page entitled "State Representative Jeremy Faison,"[16] which he operates in his capacity as an elected official.



---

[14] Facebook Transparency Center, Facebook Community Standards, https://transparency.fb.com/policies/community-standards/ (last visited Sept. 1, 2022) [https://perma.cc/94CR-33CC] (archived Sept. 1, 2022).

[15] Facebook Transparency Center, Facebook Community Standards, https://transparency.fb.com/policies/community-standards/ (last visited Sept. 1, 2022) [https://perma.cc/94CR-33CC] (archived Sept. 1, 2022).

[16] Unless otherwise indicated, all subsequent screenshots were taken between August 23, 2022, and August 30, 2022, from the "State Representative Jeremy Faison" official Facebook page, FACEBOOK, https://www.facebook.com/JeremyFaison4TN (last visited Sept. 1, 2022).

21.     The page was created on December 28, 2015, during Representative Faison's

third term in the Tennessee House of Representatives.

22.     This page is "verified" by Facebook and categorized as belonging to a politician.



23.     Facebook identifies the person or organization that manages the page as State

Representative Jeremy Faison.



24.     The "State Representative Jeremy Faison" official Facebook page is managed by

three individuals and, upon information and belief, one or more of his Tennessee General

Assembly staff contacts assists with managing his official page.

25.     At this time, the "State Representative Jeremy Faison" official Facebook page has

over 13,000 followers.

26.     At the time of filing, Defendant's page introduction states, "Jeremy Faison is representative of Tennessee's 11th district representing the people of Cocke County."[17]



27.     The Defendant's "About" section currently states "I serve as the Tennessee State Representative for HD11. My job is the coolest! Conservative Christian, Husband, Dad, Small Business Owner."



---

[17] The account introduction, at the time of the actions giving rise to this Complaint, read "Jeremy Faison is representative of Tennessee's 11th district representing the people of Cocke County and parts of Greene County and Jefferson County. He currently serves as the Chairman for the House Republican Caucus in House Leadership."

28.     The page provides a link to jeremyfaison4tn.com. At the time of filing, the link does not lead to a functioning website.

29.     Clicking on the "Send Email" link on the page opens an email to Representative Faison's government email address (rep.jeremy.faison@capitol.tn.gov).

30.     Multiple former profile pictures for the page show Representative Faison speaking within the Tennessee General Assembly. Examples of such photos are included below:





31.     The "State Representative Jeremy Faison" page is distinct from the Representative's personal Facebook profile titled "Jeremy Faison," which is not verified as belonging to a politician or public official.[18]

32.     Representative Faison uses the "State Representative Jeremy Faison" page to share policy positions, discuss legislation, promote businesses within his district, and examine other areas of public concern. Examples of this type of engagement are included below:

---

[18] Jeremy Faison, FACEBOOK, https://www.facebook.com/jeremy.faison.3 (last visited Sept. 3, 2022).







---

[19] Screenshot taken on or around March 30, 2022.

33.     Representative Faison encourages viewers of the page in need of assistance to contact his office and lists his Congressional office phone number in posts. Examples of this type of engagement are included below:





34.     Representative Faison also uses the "State Representative Jeremy Faison" page to comment on posts made on the page, engaging in debate with others who comment.

### D. Plaintiff's Engagement With Representative Faison's Official Facebook Page

35. Mr. Fox operates a personal Facebook profile and uses it to stay informed about legislative decisions in Tennessee as well as engage in policy discussions.[20]

36. On September 6, 2021, Defendant's "State Representative Jeremy Faison" Facebook page posted, "Happy Labor Day - the people of Tennessee deserve a holiday for always getting the job done!" Accompanying this post was a picture stating, "Happy Labor Day."

37. A user named Ray Barnes commented, "It's great to be appreciated…how about a raise….?"

---

[20] Fox Aff. ¶ 4.

38.     The "State Representative Jeremy Faison" account responded, "I guess the idea of

bettering yourself with a [*sic*] education or getting a better job is just out of the question for you?



39.     Ray Barnes replied "You seem confused. You work for us. The Government

'Gives' us nothing…we already own it. When you allow internet companies to only serve the

fattest urban areas and allow the rural region to wither economically as a result you are failing

your responsibility to US."(emphasis in original). Mr. Fox reacted to this comment by "liking," it, selecting the thumbs up button appearing below the comment's text.

40.    Using his personal Facebook account, as opposed to his "State Representative Jeremy Faison" account, Representative Faison replied "Ray Barnes because success is giving [*sic*] not earned. Yeah that's real 1900s."



41.    Then, back on his official "State Representative Jeremy Faison" account, Representative Faison replied "very unAmerican *[sic]* of you. There is always a way if you are willing to work hard enough."

42.    Plaintiff replied, arguing that the Representative's criticisms of the constituent's work ethic were hypocritical because the Representative received $25,000 in Paycheck Protection Program loans that were forgiven by the federal government.[21]

---

[21] Fox Aff. ¶ 8.

16

43.     Representative Faison is the Owner of Rocky Top Pest Control and Home Services LLC, which received a Paycheck Protection Program loan in the amount of $23,875.[22]

44.     Mr. Fox's comment was not a violation of Facebook's Community Standards.[23]

45.     Shortly after this post, Plaintiff's comment about the loans on Representative Faison's "State Representative Jeremy Faison" official Facebook page was deleted.[24]

46.     Mr. Fox commented again, asking why his prior comment regarding Representative Faison's loans was deleted. This second comment was then also deleted.[25]

47.     Immediately thereafter, Mr. Fox was blocked from viewing or engaging with the "State Representative Jeremy Faison" official Facebook page from his account, which Mr. Fox uses to stay apprised of Tennessee legislative decisions as well as engage in policy discussions.[26]

**E.     Plaintiff Fox's Efforts to Contact Representative Faison**

48.     On Plaintiff's behalf, the Vanderbilt Law School First Amendment Clinic sent a letter to Representative Faison, dated October 15, 2021, informing him that banning Mr. Fox from commenting on his page constituted a violation of the First Amendment. Representative Faison did not reply to the letter. Exhibit B.

---

[22] FederalPay.org, https://www.federalpay.org/paycheck-protection-program/rocky-top-pest-control-and-home-services-llc-newport-tn (last visited Sept. 1, 2022) [https://perma.cc/J42N-CVPR] (archived Sept. 1, 2022).
[23] Facebook Transparency Center, Facebook Community Standards - Misinformation, https://transparency.fb.com/policies/community-standards/misinformation/ (last visited Sept. 1, 2022) [https://perma.cc/836X-69CH] (archived Sept. 1, 2022) (For information, Facebook removes three categories of misinformation: (1) "where it is likely to directly contribute to the risk of imminent physical harm;" (2) "content that is likely to directly contribute to the interference with the functioning of political processes," and (3) "certain highly deceptive manipulated media.").
[24] Fox Aff. ¶¶ 8-9.
[25] Fox Aff. ¶ 10.
[26] Fox Aff. ¶¶ 10-11.

17

49.     Plaintiff's attorneys called Representative Faison's office again on February 9, 2022, and spoke to a staff member who instructed Plaintiff's attorneys to send an email to request a meeting.

50.     Plaintiff's attorneys sent a message to the provided email address the same day, attaching a copy of the prior correspondence sent in October 2021. Exhibit C.

51.     Plaintiff's attorneys again emailed Representative Faison's office on August 26, 2022, attaching a letter requesting that Representative Faison unblock Mr. Fox from viewing or engaging with the "State Representative Jeremy Faison" Facebook page. Exhibit D.

52.     Representative Faison has yet to respond to any correspondence.

53.     Mr. Fox remains blocked from viewing or engaging in policy discussions on the "State Representative Jeremy Faison" official Facebook page.[27] Mr. Fox's search result when he attempts to access Representative Faison's official Facebook page is displayed below:



---

[27] Fox Aff. ¶ 11.

## IV.    Claims

### Count I – Violation of the First Amendment Right to Free Speech

54.    Plaintiff incorporates the allegations of Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

55.    At all times relevant to this Complaint, Defendant was acting under the color of state law as an elected Representative and used government resources in maintaining his official page.

56.    Defendant's "State Representative Jeremy Faison" Facebook page is a designated public forum, separate and distinct from Representative Faison's personal account.

57.    Plaintiff was engaged in First Amendment–protected speech in his comments on the official "Jeremey Faison State Representative" Facebook page.

58.    Plaintiff's speech related to a matter of public concern that did not violate the law.

59.    By deleting Plaintiff's comments from his "State Representative Jeremy Faison" official Facebook page, Defendant prevented Plaintiff from exercising his First Amendment right to speak freely in a public forum on matters of public concern.

60.    By blocking Plaintiff from viewing or commenting on his "State Representative Jeremy Faison" official Facebook page, Defendant prevented Plaintiff from exercising his First Amendment right to speak freely in a public forum on matters of public concern.

61.    Deleting Plaintiff's comments and blocking Plaintiff from the official Facebook page constitutes an impermissible viewpoint-based speech restriction.

62.    Defendant's actions directly and proximately caused Plaintiff to suffer harm by restricting his right to speak freely on matters of public concern.

19

## Count II – Violation of the Right to Free Speech under Article 1, Section 19 of the Tennessee Constitution

63.     Plaintiff incorporates the allegations of Paragraphs 1 through 53 of the Complaint as if fully set forth herein.

64.     At all times relevant to this Complaint, Defendant was acting under the color of state law as an elected Representative and used government resources in maintaining his official page.

65.     Defendant's "State Representative Jeremy Faison" Facebook page is a designated public forum separate and distinct from Representative Faison's personal account.

66.     Plaintiff was engaged in protected speech in his comments on the official "Jeremey Faison State Representative" Facebook page.

67.     Plaintiff's speech related to a matter of public concern that did not violate the law.

68.     By deleting Plaintiff's comments from his "State Representative Jeremy Faison" official Facebook page, Defendant prevented Plaintiff from exercising his right, under the Tennessee Constitution, to speak freely in a public forum on matters of public concern.

69.     By blocking Plaintiff from viewing or commenting on his "State Representative Jeremy Faison" official Facebook page, Defendant prevented Plaintiff from exercising his right, under the Tennessee Constitution, to speak freely in a public forum on matters of public concern.

70.     Deleting Plaintiff's comments and blocking Plaintiff from the official Facebook page constitutes impermissible viewpoint-based speech restriction.

71.     Defendant's actions directly and proximately caused Plaintiff to suffer harm by restricting his right to speak freely on matters of public concern.

20

## V.      Request for Relief

WHEREFORE, Plaintiff respectfully requests relief as follows:

A.  A declaration that Defendants' policies and practices of blocking Mr. Fox from Defendant's Facebook page violate the First Amendment of the Constitution and Article 1, Section 19 of the Tennessee Constitution.

B.  An injunction ordering Defendant to unblock Mr. Fox from the "State Representative Jeremy Faison" official Facebook page, to cease deleting comments protected by the First Amendment on his official State Representative social media accounts, and to refrain from blocking individuals based on viewpoint, including on his "State Representative Jeremy Faison" official Facebook page.

C.  An award of costs and attorneys' fees under 42 U.S.C. § 1988.

D.  Any other such relief that this Court deems just and equitable.

Respectfully submitted,

/s/ Susan L. Kay
Susan L. Kay
Susan.kay@vanderbilt.edu

Jennifer Safstrom*
Jennifer.safstrom@vanderbilt.edu

*   *Tennessee admission and pro hac vice application pending*

Vanderbilt Law School Stanton Foundation First Amendment Clinic
131 21st Ave South
Nashville, TN 37203-1181
Telephone: (615) 322-4964

*William Anderson\*\**
*Skylar Burton\*\**
*Mary Clark Herrod\*\**
*Samantha Hunt\*\**
*Jamie Michael\*\**
*Madelyn Toole\*\**

*\*\* These law students substantially assisted with the preparation of this filing. Application for limited admission is forthcoming pursuant to U.S. District Court Middle District of Tennessee Administrative Order No. 155-1.*

# Exhibits

# Exhibit A

## September 2, 2022, Affidavit of Dean Fox in Support of Plaintiff's Motion for Preliminary Injunction

**Exhibit A – September 2, 2022, Affidavit of Dean Fox in Support of Plaintiff's Motion for Preliminary Injunction**

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **DEAN FOX,** | |
| *Plaintiff,* | Case No.: |
| v. | |
| **REPRESENTATIVE JEREMY FAISON**, State Representative, representing the 11th District of the Tennessee House of Representatives, in his official capacity. | |
| *Defendant.* | |

**AFFIDAVIT OF DEAN FOX IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Dean Fox, pursuant to 28 U.S.C. § 1746, hereby declares as follows in support of Plaintiff's Motion for Preliminary Injunction:

1. I am over 18 years of age, of sound mind, and otherwise competent to make this Declaration. The evidence set out in the foregoing Declaration is based on my personal knowledge.

2. I am an adjunct professor at Middle Tennessee State University, where I teach classes in graphic design, visual communications, and media writing. I am also a

freelance sports journalist and my work has been published in the Daily News Journal (Murfreesboro) and the Atlanta-Journal Constitution, among other publications.

3.     I am a current resident of Knox County, Tennessee. I moved to Knox County from Rutherford County on or around July 14, 2022. The events giving rise to this complaint and preliminary injunction occurred while I was located in Rutherford County, Tennessee.

4.     I control and operate a personal Facebook profile. I use Facebook regularly to stay informed about legislative decisions in Tennessee and engage in policy discussions.

5.     On September 6, 2021, the official Facebook page of State Representative Jeremy Faison ("Representative Faison"), which is entitled "State Representative Jeremy Faison," shared a post commemorating Labor Day.

6. After another user commented on the post, Representative Faison responded to the comment, writing "I guess the idea of bettering yourself with a [*sic*] education or getting a better job is just out of the question for you?"

7. Representative Faison concluded the exchange by writing "very unAmerican [*sic*] of you. There is always a way if you are willing to work hard enough."

8.     After Representative Faison's exchange with the other user, I also commented on the post. In my comment, I wrote that the Representative's criticisms of the constituent's work ethic were hypocritical because the Representative received $25,000 in Paycheck Protection Program loans that were forgiven by the federal government. The comment did not include inaccurate information, any threatening or foul language, nor did it violate Facebook's terms of use in any way.

9. Thereafter, a Representative Faison page administrator deleted my comment regarding my view about Representative Faison's conduct.

10. I commented again and asked why my first comment was deleted. Immediately after, a Representative Faison page administrator deleted my second comment and blocked me from making future comments on his Facebook page's posts.

11. To this day, I am unable to view or interact with the contents of Representative Faison's official Facebook page. I cannot view his posted content, comment on posts, or view content other users have posted on the Representative's Facebook page from my account. Representative Faison's official page does not appear when I search his name on Facebook.

12. If I were not currently blocked, I would be continuing to view and comment on Representative Faison's official Facebook page. I feel it is important for me to be able to view Representative Faison's social media postings because his actions effect all Tennesseans, including mine and my family's.

I declare under penalty of perjury that the foregoing is true and correct. Executed on Sep. 2, 2022.

/s Dean Fox

Dean Fox

Subscribed and sworn to before me in my
Presence, this _2nd_ day of _SEPTEMBER_
_2022_, a Notary Public in and for the
County of _KNOX_ State of _TENNESSEE_

_____ (Signature) Notary Public
My commission expires _Oct. 7, 2024_

# Exhibit B

## October 15, 2021, Letter to Representative Faison

Vanderbilt Legal Clinic   **VANDERBILT**  Law School

October 15, 2021

The Honorable Jeremy Faison
425 Rep. John Lewis Way N.
Suite 604 Cordell Hull Bldg.
Nashville, TN 37243

Dear Representative Faison:

We are law students working in Vanderbilt Law School's First Amendment Clinic, writing you on behalf of our client, Dean Fox. On or around September 6th, after commenting on the "Happy Labor Day" post on the verified Facebook page entitled "State Representative Jeremy Faison," Mr. Fox was blocked from interacting on this page. As a government official, blocking Mr. Fox from a public social media page violates his First Amendment right to political expression in a public forum.

The First Amendment's prohibition on state action "abridging the freedom of speech" has long been held to forbid government conduct that stifles speech in open zones commonly used for public discourse.[1] This prohibition's sweep extends beyond physical public spaces, applying equally to speech on social media. Additionally, the First Amendment prohibits the government from silencing dissenting viewpoints.

In line with these principles, courts around the country have held that when a social media page operated by a government official is opened for public discussion, individuals may not be blocked from interacting with these pages.[2] By posting about policy issues and inviting public comment on the issues, a page becomes a public forum protected by the letter and spirit of the First Amendment. Once such a page has been opened for public discussion, it does not matter whether this page is formally labeled a "personal" or "public" page.

There is no question your Facebook page has been opened for public discussion. You regularly post policy positions, allow comments on these positions, and comment on these discussions through both your public and personal pages. Facebook has marked the page as belonging to a politician. Because your page has been opened for public discussion, blocking individuals access to this page based on their expressed views violates the First Amendment.

Due to your page's nature as a public page, you owe a constitutional duty to not discriminate based on dissenting viewpoints. However, you blocked Mr. Fox solely because he expressed an opinion you disagreed with. As you recently posted on this same Facebook page, "we need to quit being so easily offended and start being secure enough in our beliefs that the opposition isn't taken as an insult." Mr. Fox did nothing more than attempt to start a dialogue, and the free

---

[1] U.S. CONST. amend I; Hague v. CIO, 307 U.S. 496 (1939).
[2] Knight First Amendment Inst. at Columbia Univ. v. Trump, 928 F.3d 226 (2nd Cir. 2019); Campbell v. Reisch, 986 F.3d 822 (8th Cir. 2021); Davison v. Randall, 912 F.3d 666 (4th Cir. 2019).

VANDERBILT UNIVERSITY          http://law.vanderbilt.edu/
131 21st Avenue South, Suite 119    tel 615.322.4964
Nashville, Tennessee 37203-1181   fax 615.343.6562

Vanderbilt Legal Clinic      VANDERBILT  Law School

exchange of political ideas is crucial to a functioning democracy. However, blocking him from a public forum because of his views denied him this opportunity.

Mr. Fox requests that you unblock all individuals, including himself, currently blocked from your public Facebook page, along with a formal post on the page with an apology addressed to Mr. Fox and the others blocked from the page.

The First Amendment is the cornerstone of our government, allowing public political discussions on social media is an issue irrespective of political party.[3] As you recently acknowledged through your public account, "each of us as Americans should show a commitment to fighting for freedom of conscience." In accordance with that sentiment, we respectfully ask you honor Mr. Fox's requests and look forward to communicating with you further regarding this matter.

Sincerely,

Jacob Goodman
Brian Ruben
Caleb Sansoucy
Third-year Student Attorneys

Gautam Hans
Director of Stanton First Amendment Clinic

---

[3] *See* Michael Gold, *Ocasio-Cortez Apologizes for Blocking Critic on Twitter*, N.Y. TIMES (Nov. 4, 2019), https://www.nytimes.com/2019/11/04/nyregion/alexandria-ocasio-cortez-twitter-dov-hikind.html; *Knight Institute Asks Mayor Lightfoot to Stop Blocking Critics from Her Official Facebook Page*, KNIGHT FIRST AMENDMENT INST. AT COLUMBIA UNIV. (Dec. 4, 2020), https://knightcolumbia.org/content/knight-institute-asks-mayor-lightfoot-to-stop-blocking-critics-from-her-official-facebook-page

VANDERBILT UNIVERSITY          http://law.vanderbilt.edu/
131 21st Avenue South, Suite 119     tel 615.322.4964
Nashville, Tennessee 37203-1181      fax 615.343.6562

Exhibit C – February 9, 2022, Email to Representative Faison's Office

# Exhibit C

## February 9, 2022, Email to Representative Faison's Office

**Exhibit C – February 9, 2022, Email to Representative Faison's Office**

### Follow Up - Meeting with Rep. Faison

Austin, Mary P <mary.p.austin@Vanderbilt.Edu>
Wed 2/9/2022 3:32 PM

To: meri.kaftan@capitol.tn.gov <meri.kaftan@capitol.tn.gov>

Cc: Hans, Gautam <gautam.hans@vanderbilt.edu>;Brinker, Kyle M <kyle.m.brinker@Vanderbilt.Edu>;Severtson, Meredith R <meredith.r.severtson@Vanderbilt.Edu>;Blumenstein, Rachel S <rachel.s.blumenstein@Vanderbilt.Edu>

📎 1 attachments (216 KB)

10-15-21 Letter to Rep. Jeremy Faison.pdf;

Ms. Kaftan,

You spoke with my colleague on the phone this afternoon about setting up a meeting regarding a letter the Vanderbilt University Legal Clinic sent to Representative Faison on October 15, 2021. Please find the letter attached. Our client, Dean Fox, has been blocked from Representative Faison's official Facebook page. We believe that this is a violation of Mr. Fox's First Amendment rights, and we are considering litigation.

We would like to resolve this matter as quickly as possible. To that end, we are available to for a meeting this Friday afternoon or next Monday afternoon.

Sincerely,

Mary-Preston Austin
Rachel Blumenstein
Kyle Brinker
Meredith Severtson

Gautam Hans, Director of Stanton First Amendment Clinic

--
**Mary-Preston Austin**

Vanderbilt University Legal Clinic
+1 615.322.4964
Fax: 615.343.6562

NOTICE: The information contained in the above message is privileged and confidential information to be used solely by the intended recipient. The reader is notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender and delete all copies.

x

# Exhibit D

## August 26, 2022, Email and Letter to Representative

## Faison's Office

**Exhibit D – August 26, 2022, Email and Letter to Representative Faison's Office**

From: **Hunt, Samantha A** samantha.a.hunt@Vanderbilt.Edu
Subject: 8.26.22 Letter from Mr. Dean Fox to Representative Faison
Date: August 26, 2022 at 3:28 PM
To: rep.jeremy.faison@capitol.tn.gov
Cc: meri.kaftan@capitol.tn.gov, Galateria, Catherine M catherine.m.galateria@Vanderbilt.Edu, Safstrom, Jennifer jennifer.safstrom@Vanderbilt.Edu

Dear Representative Faison and staff,

We are writing to you from the Vanderbilt University Legal Clinic on behalf of our client, Mr. Dean Fox.

Enclosed is a letter with our final request for you to unblock Mr. Fox from the "State Representative Jeremy Faison" Facebook page.

Please let us know if you would like to discuss this further. We hope to resolve this matter as quickly as possible.

Best Regards,

Catherine Galateria, Student Attorney
Samantha Hunt, Student Attorney

Jennifer Safstrom, Director of the Stanton First Amendment Clinic

**Samantha Hunt**
she/hers
J.D. Candidate, Class of 2023
Vanderbilt University Law School



8.26.22 Fox
Letter_Final.pdf

**Exhibit D – August 26, 2022, Email and Letter to Representative Faison's Office**



*Legal Clinic* VANDERBILT Law School

August 26, 2022

The Honorable Jeremy Faison
425 Rep. John Lewis Way N.
Suite 604 Cordell Hull Bldg.
Nashville, TN 37243
rep.jeremy.faison@capitol.tn.gov

Dear Representative Faison:

We are law students working in Vanderbilt Law School's First Amendment Clinic, writing on behalf of our client, Dean Fox. This letter is a follow-up correspondence regarding two prior communications from our office: a letter sent on October 15, 2021 and an email communication sent on February 9, 2022. Both of our correspondences went unanswered by your office.

The matter concerns the blocking of Mr. Fox from viewing or commenting on the verified Facebook page entitled "State Representative Jeremy Faison." On or around September 6, 2021, after commenting on the "Happy Labor Day" post on the "State Representative Jeremy Faison" page, Mr. Fox was blocked from interacting on your page. As a government official, blocking Mr. Fox from viewing this public social media page violates his First Amendment right to political expression in a public forum.

The First Amendment's prohibition on state action "abridging the freedom of speech" has long been held to forbid government conduct that restricts speech in open zones commonly used for public discourse.[1] This prohibition's reach extends beyond physical spaces, applying equally to speech on social media.[2] By posting about policy issues and inviting public comment on the issues, your Facebook page has become a public forum protected by the letter and spirit of the First Amendment. As a result, you owe a constitutional duty not to discriminate based on dissenting viewpoints.

However, you blocked Mr. Fox from a public forum solely because he expressed an opinion you disagreed with. Thus, Mr. Fox has been denied the opportunity to engage in the free exchange of political ideas that is crucial to a functioning democracy.

This is Mr. Fox's final request that you unblock him from viewing or engaging with the "State Representative Jeremy Faison" Facebook page and take action to ensure your social media platforms comply with First Amendment requirements.

---

[1] U.S. CONST. amend. I.
[2] *Packingham v. North Carolina*, 137 U.S. 1730 (2017).

1   VANDERBILT UNIVERSITY        www.law.vanderbilt.edu
    131 21ˢᵗ Avenue South, Suite 119   tel 615.322.4964
    Nashville, TN 37203-1181       fax 615.343.6562



We would like to resolve this issue in a timely and efficient manner. To that end, we respectfully ask you to honor Mr. Fox's requests to avoid the potential of litigation. We look forward to communicating with you further on this matter and hope you will be able to provide respond by September 2, 2022.

Sincerely,

Catherine Galateria, Student Attorney

Samantha Hunt, Student Attorney

Jennifer Safstrom, Visiting Assistant Clinical Professor
jennifer.safstrom@vanderbilt.edu
Stanton First Amendment Clinic
Vanderbilt University Law School

2   VANDERBILT UNIVERSITY          www.law.vanderbilt.edu
    131 21st Avenue South, Suite 119   tel 615.322.4964
    Nashville, TN 37203-1181        fax 615.343.6562