# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **DEAN FOX** <br><br> *Plaintiff,* <br><br> **v.** <br><br> **REPRESENTATIVE JEREMY FAISON,** State Representative, representing the 11th District of Tennessee House of Representatives, in his official capacity, <br><br> *Defendant.* | **No. 3:22-cv-00691** <br><br> **Judge Trauger/Frensley** |

---

## MOTION TO ENFORCE COURT'S DISCOVERY ORDER

---

On February 4, 2025, this Court ordered Defendant to produce certain documents responsive to Plaintiff's discovery requests. (Doc. 53.) On February 18, 2025, Defendant provided Plaintiff with deficient responses and filed a status report with this Court showing insufficient efforts by Defendant's counsel to comply with this Court's Order. (Doc. 54.) Plaintiff respectfully moves this Court to order Defendant to comply with this Court's Order compelling production of discovery, as detailed below.

1. **Defendant's Staff Compensation Documents and Records**

Defendant provided payout information only for Anna-Katherine White. However, RFP No. 42 (Doc. 53 at 34) explicitly requests:

> All documents, invoices, billing records, and communications related to the salary and other forms of compensation for Representative Faison's employee(s) with the title of "Public Relations Specialist/Executive Assistant for Policy and Research," or any person who may have been temporarily responsible for the

duties unique to that position, as referenced in "FAISON000402-FAISON000402" [*sic*] or otherwise.

Defendant has failed to produce relevant information for Grace Gilmore (formally Grace Batts), Sutherland Archibald, and Zach Roberts, all of whom held the title "Executive Assistant for Policy and Research." (Gilmore Dep. 24:3-6 (Ex. A); Faison Dep. 92:1-5 (Ex. B); Crawford Dep. 228:17-25 (Ex. C); White Dep. 64:1-2 (Ex. D).) Additionally, Nick Crawford had administrative access to the Defendant's Facebook page, collaborated with Defendant on social media content, and created material that was ultimately used in social media posts. (Ex. F; Ex. C at 75:3-5, 75:15–76:23; 105:24–106:3, 106:16–107:4, 116:8–117:15, 234:12-22, 235:15-20.) Given these responsibilities, Crawford qualifies as a "person who may have been temporarily responsible for the duties unique to that position," yet his information is also absent. (Doc. 53 at 34–35.)

Furthermore, Plaintiff requested *all* documents related to the salary and other forms of compensation. (*Id.*) Defendant only provided one document related to this request, reflecting the "comp leave" and "annual leave" accrued by Anna-Katherine White. (Ex. E.)[1] Defendant has failed to provide any records showing whether or when employees earned, logged their time by clocking in or out, or used their annual or comp leave, making the response incomplete and out of compliance with the Court's Order. (Doc. 53 at 34–35.)

2. **Defendant's Facebook Page Download**

On February 18, 2025, Defendant filed a status report (Doc. 54) detailing the steps taken to download Defendant's Facebook page as required by the Court's Order relevant to RFP Nos.

---

[1] *Cf.* Tennessee regulation generally defines "[c]ompensatory time is leave credit earned by an employee when hours are worked beyond their regular schedule." TENN. COMP. R. & REGS. 1120-06-05.

25, 26, 27, 32, 33, 34, 35. (Doc. 53 at 24–32.) However, the download of the Facebook page was not produced, and it likely contains evidence critical to Plaintiff's case because this download would contain a record of administrative actions taken on the page. Under each RFP, the Court highlighted the relevance of the Facebook page download to the case at hand, stating the information within the download is "relevant to the claims or defenses in this case." (Doc. 53 at 25–32.) Therefore, Plaintiff will be deprived of pertinent discovery materials necessary to fully support his arguments until Defendant produces the requested download.

To the extent Defendant continues to assert staff and "attorneys have been unable to receive any response from Facebook or obtain the information requested," Plaintiff should be provided the opportunity to obtain the production through other means, such as a direct subpoena of Facebook. (Doc. 54 at 3.)

### 3. Correspondence Related to Defendant's Facebook

On February 4, 2025, the Court ordered Defendant "to produce any non-privileged documents in his possession, custody, or control" (Doc. 53 at 16–17) that are responsive to RFP No. 5 which requests:

> All communications and documents related to Defendant's State Representative Jeremy Faison Facebook page, including, but not limited to those referencing the terms "Facebook," "block," "delete," "social media," or "report."

Notably, in the status report filed with this Court, (Doc. 54), Defendant's counsel did not mention performing any searches of Defendant's emails, texts, or any other communications for non-privileged documents responsive to RFP No. 5, despite an order from the Court to do so. (*See* Doc. 53 at 16–17.)[2] Accordingly, Defendant's response to RFP No. 5 is deficient and does not

---

[2] Plaintiff's RFP seeks all "communications" ("written, oral, or electronic transmissions") and "documents," which "includes but is not limited to emails or messages (such as text, instant, direct,

comply with this Court's Order. Defendant's only productions potentially responsive to RFP No. 5 are e-mail correspondence between himself, Lauren Hathaway, and Lexi Brammer, which Defendant provided in response to RFP Nos. 22 and 41. (Doc. 54 at 1.) Defendant did not produce any correspondence between him and his staff. This correspondence is believed to exist, as evidenced by Defendant's own testimony and the testimony of deposed staff members. The following examples are illustrative and do not represent all references to discoverable correspondence.

As part of his job description, Nick Crawford, Defendant's former staff member, generated talking points for Caucus members regarding policy, legislation, and other ongoings within the Republican Caucus. (Ex. C at 44:3–45:17.) If specific members of the Caucus wanted talking points, Mr. Crawford would e-mail the talking points to the respective member. (*Id.* at 48:8-19.) Mr. Crawford testified that he has seen his talking points utilized on Defendant's Facebook page. (*Id.* at 40:4-22.) Since these talking points were incorporated on Defendant's Facebook page, correspondence between Defendant and Mr. Crawford regarding Facebook content likely exists, as Mr. Crawford stated he disseminated talking points via email. (*Id.*) However, Defendant has not produced any correspondence, nor has Defendant's counsel shown how Defendant's correspondence was searched for responsive documents.

Anna-Katherine White, Defendant's former Executive Assistant for Policy and Research, created graphics and weekly reports. For instance, Ms. White testified she would edit weekly reports posted on the Republican Caucus website and send them to Defendant via e-mail. (Ex. D

---

or other types of messages), social media or other online content." (Ex. G at 3.) To the extent Defendant testified that he has his "cellphone [] delete text messages after a week or two weeks or a month," this presents a potential spoliation issue. (Ex. B at 105.) Defendant has made no such representations about deleting emails, and purportedly retains those within his possession, custody, and control.

at 136:25–137:13.) The reports edited by Ms. White would then be posted by Defendant to his Facebook page as "Capitol Reports," which was also testified to by Defendant. (*Id.*; Ex. B at 174:13-20.) Since Ms. White's edited reports were incorporated on Defendant's Facebook page, correspondence between Defendant and Ms. White should exist as Ms. White stated she disseminated these edits via email. (Ex. D at 136:25–137:13; Ex. B at 174:13-20.) However, Defendant has not produced any correspondence, nor has Defendant's counsel shown how Defendant's correspondence was searched for responsive documents.

Grace Gilmore, Defendant's current Executive Assistant for Policy and Research, creates personalized graphics for Caucus members to utilize on their social media pages. (Ex. A at 106:23–108:3.) As testified to by Ms. Gilmore and confirmed by Defendant, Ms. Gilmore disseminates personalized graphics "either through text or e-mail." (Ex. B at 46:8–47:3; Ex. A at 108:6-14.) Specifically, Ms. Gilmore created a graphic to commemorate 9/11 featuring a personalized logo for Defendant, which Defendant posted on his Facebook page on September 11, 2024. (Ex. A at 104:11–105:24.) Defendant has not produced any e-mail or text message correspondence relating to this graphic, even though it could only have been disseminated through e-mail or text message, as confirmed by Defendant and Ms. Gilmore. Similarly, Defendant's counsel has provided no explanation for how Defendant's correspondence was searched for responsive documents.

If Defendant is not in possession of correspondence between his staff members and himself responsive to RFP No. 5, Plaintiff respectfully requests that this Court order Defendant to document all steps taken to ensure compliance with the Court's Order compelling production. If responsive documents have been deleted, Plaintiff respectfully requests this Court to order Defendant to detail when documents were deleted, how they were deleted, who deleted them, and

explain if the deletions were pursuant to any office, caucus, or General Assembly data retention policy.

Respectfully submitted,

*/s/ Jennifer Safstrom*
JENNIFER SAFSTROM*
Jennifer.safstrom@vanderbilt.edu
SUSAN L. KAY (BPR# 006630)
Vanderbilt Law School
Stanton Foundation First Amendment Clinic
131 21st Ave South
Nashville, TN 37203-1181
Telephone: (615) 322-4964

*\* Admitted pro hac vice*

*Counsel for Dean Fox*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been electronically served upon Defendant

by and through counsel via the Court's CM/ECF filing system on February 25, 2025.

Respectfully submitted,

/s/ Jennifer Safstrom
Jennifer Safstrom